IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL H. HOLLAND, MICHAEL W. BUCKNER, A. FRANK DUNHAM, and ELLIOT A. SEGAL as Trustees of the United Mine Workers of America 1992 Benefit Plan,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>VALLEY SERVICES, INC. and BIBEAU CONSTRUCTION COMPANY, INC.,<br><br>　　　　　　Defendants. | Civil Action No. 1:06CV00178-RMU |

## ANSWER OF DEFENDANT BIBEAU CONSTRUCTION COMPANY, INC.

Defendant Bibeau Construction Company, Inc. ("Bibeau" or "Defendant") hereby answers the complaint of the United Mine Workers of America 1992 Benefit Plan ("1992 Plan") in this matter as follows.

### FIRST DEFENSE

1.　　On information and belief, Defendant admits the allegations in paragraph 1 of the complaint.

2.　　With respect to the allegations in paragraph 2 of the complaint, Defendant avers that Section 9712 of the Coal Industry Retiree Health Benefit Act of 1992 ("Coal Act") speaks for itself. Defendant is without information sufficient to admit or deny that the 1992 Plan is an irrevocable trust fund.

3. With respect to the allegations in paragraph 3 of the complaint, Defendant avers that Section 302(c)(5) of the Labor Management Relations Act, Section (3) of ERISA, and Section (337) of ERISA speak for themselves. Defendant is without information sufficient to admit or deny that the 1992 Plan is a plan described in the statutory sections enumerated in paragraph 3 of the complaint.

4. Defendant admits the allegation in paragraph 4 of the complaint that Valley Services, Inc. was incorporated in the State of Ohio, but avers that Valley Services ceased doing business and that Ohio cancelled its corporate charter more than 25 years ago.

5. Defendant admits the allegations in paragraph 5 of the complaint.

6. Defendant admits the allegation in paragraph 6 of the complaint that this court has subject matter jurisdiction in this case.

7. Defendant admits the allegation in paragraph 7 of the complaint that the 1992 Plan administers its normal business activities within this judicial district. With respect to the remaining allegations in paragraph 7 of the complaint, Defendant avers that venue is most appropriate in federal district court in the State of New York.

8. The allegations in paragraph 8 of the complaint are too cryptic and overbroad to permit a response and Defendant demands proof thereof.

9. Defendant denies the allegations in paragraph 9 of the complaint.

10. Defendant denies the allegations in paragraph 10 of the complaint.

11. Defendant denies the allegations in paragraph 11 of the complaint.

12. Defendant denies the allegations in paragraph 12 of the complaint.

13. Defendant admits that it received a letter from the 1992 Plan dated October 17, 2005, and relies on the letter to speak for itself.

14. Defendant admits the allegation in the first sentence of paragraph 14 that it has not paid to the 1992 Plan the amount stated therein, but denies it has any legal obligation to make such payment to the Plan. Defendant denies the allegations in the remaining sentences of paragraph 14 of the complaint.

15. Defendant denies that Plaintiffs are entitled to the relief requested in paragraphs (a) through (g) of their request for relief.

16. All allegations in the complaint not specifically admitted are hereby denied.

## SECOND DEFENSE

The complaint fails to state a claim against Defendant upon which relief may be granted.

## THIRD DEFENSE

The complaint must be dismissed under the doctrine of laches.

## FOURTH DEFENSE

The complaint must be dismissed under the applicable statute of limitations.

## FIFTH DEFENSE

Plaintiffs' claims, as applied to Defendant, are barred in whole or in part under the Due Process clause of the Fifth Amendment to the United States Constitution.

## SIXTH DEFENSE

Plaintiffs' claims, as applied to Defendant, are barred in whole or in part under the Takings clause of the Fifth Amendment to the U. S. Constitution.

## SEVENTH DEFENSE

Plaintiffs' claims are barred because Section 9712(d) of the Coal Act, 26 U.S.C. § 9712(d), violates the nondelegation and separation of powers doctrines of the U.S. Constitution

unlawfully placing government taxing powers (and revenues generated by the exercise of such powers) in the hands of a non-governmental entity.

### EIGHTH DEFENSE

No person employed by Valley Services, Inc., or by Defendant Bibeau Construction Company, Inc., is eligible to receive benefits from the 1992 Plan.

WHEREFORE, having fully answered the allegations contained herein, Defendant respectfully requests that Plaintiffs' Complaint be dismissed, with prejudice, and that judgment be entered in its favor against Plaintiffs, with costs of suit.

Respectfully submitted,

／s／
John R. Woodrum, D.C. Bar No. 933457
W. Gregory Mott, D.C. Bar No. 438200
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
Fifth Floor
2400 N St., N.W.
Washington, D.C.  20037
202-887-0800

*Counsel for Defendant Bibeau Construction Company, Inc.*