IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL H. HOLLAND, et al.,<br><br>            Plaintiffs,<br>      v.<br><br>VALLEY SERVICES, INC.<br><br>and<br><br>BIBEAU CONSTRUCTION COMPANY, INC.<br><br>            Defendants. | Civil Action No. 1:06-cv-00178-RMU |

**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Plaintiffs, the Trustees of the United Mine Workers of America 1992 Benefit Plan, by and through their undersigned counsel, hereby move this Court for an order, pursuant to Rule 56 of the Federal Rules of Civil Procedure, entering summary judgment in their favor against Defendants, Valley Services, Inc. and Bibeau Construction Company, Inc. Plaintiffs submit the attached exhibits and an accompanying memorandum of law in support of this Motion for Summary Judgment.

                                    Respectfully submitted,


                                    DAVID W. ALLEN
                                    General Counsel
                                    DC Bar #81638

                                    LARRY D. NEWSOME
                                    Associate General Counsel
                                    DC Bar #254763

*/s/Kathleen B. Burns*
KATHLEEN B. BURNS
Senior Associate Counsel
DC Bar #492460

UMWA HEALTH & RETIREMENT FUNDS
Office of the General Counsel
2121 K Street, NW
Washington, DC  20037
Telephone:  (202) 521-2233

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL H. HOLLAND, et al.,<br><br>　　　　　Plaintiffs,<br>　　v.<br><br>VALLEY SERVICES, INC.<br><br>and<br><br>BIBEAU CONSTRUCTION COMPANY, INC.<br><br>　　　　　Defendants. | Civil Action No. 1:06-cv-00178-RMU |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF**
**MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Plaintiffs, Michael H. Holland, Micheal W. Buckner, A. Frank Dunham, and Elliot A. Segal, as Trustees of the United Mine Workers of America ("UMWA") 1992 Benefit Plan ("1992 Plan") hereby submit the following Memorandum in Support of their Motion for Summary Judgment.

**SUMMARY OF THE CASE**

This is an action to collect delinquent per-beneficiary premiums due from Defendants Valley Services, Inc. ("Valley Services") and Bibeau Construction Company, Inc. ("Bibeau Construction") (collectively referred to hereinafter as "Defendants") to the 1992 Plan under the Coal Industry Retiree Health Benefit Act of 1992 ("Coal Act"), codified in part in the Internal Revenue Code, 26 U.S.C. §§ 9701-9722. Plaintiffs are the Trustees of the 1992 Plan. The 1992 Plan is a multiemployer benefit plan under the Employee Retirement Income Security Act

3

("ERISA"), Section 3(3), 29 U.S.C. § 1002(3), and a multiemployer plan within the meaning of ERISA Section 3(37), 29 U.S.C. § 1002(37).

In this motion, Plaintiffs seek entry of a judgment against Defendants to enforce Section 9712 of the Coal Act, 26 U.S.C. § 9712, which provides that Defendants are jointly and severally liable for paying premiums to the 1992 Plan. The premiums are due and owing under the Coal Act and have been assessed to pay for health benefits that the 1992 Plan has provided and continues to provide to two (2) beneficiaries.

## STATEMENT OF FACTS

On or about May 4, 1962, Valley Services was incorporated in Ohio. Defendant Bibeau Construction's Response to Plaintiffs' First Set of Interrogatories, attached hereto as Exhibit A, ¶2; Defendant Bibeau Construction's Response to Plaintiffs' First Request for Production of Documents, attached hereto as Exhibit B, D00062-00065. It became registered to do business in West Virginia on or about February 19, 1968. Exhibit A, ¶3; Exhibit B, D00079-00084. Ovila L. Bibeau ("Mr. Bibeau") and Dorothy S. (Bibeau) Kilbourne ("Ms. (Bibeau) Kilbourne"), husband and wife, became the owners of Valley Services at some point in 1975. Exhibit A, ¶3, ¶4, & ¶5. According to the Certificate of Amendment to the Articles of Valley Services, as of July 24, 1975, they were entitled to exercise 100% of the voting power of the stock of Valley Services. Exhibit B, D00089.

Valley Services was signatory to the 1978 National Bituminous Coal Wage Agreement ("NBCWA"). Declaration of Dale Stover, attached hereto as Exhibit C, ¶3. Valley Services ceased operations and dissolved in November 1979. Exhibit A, ¶6; Exhibit C, ¶5. Its corporate status was cancelled by the Ohio Department of Taxation on July 30, 1979, and terminated in West Virginia on June 11, 1982. Exhibit A, ¶2; Exhibit B, D00066-00075.

4

Pursuant to Section 9712(b) of the Coal Act, 26 U.S.C. § 9712(b), the 1992 Plan attributed two (2) beneficiaries to Valley Services.  Exhibit C, ¶4.  The beneficiaries are disabled and retired mineworker Mr. Marcum and his dependant child.  Id.  The 1992 Plan determined that Valley Services was Mr. Marcum's "last signatory operator," as that term is defined in Section 9701(c)(4) of the Coal Act, 26 U.S.C. §9701(c)(4).  The 1992 Plan based this determination upon a review of Mr. Marcum's pension file, pension application, health services card application and other records maintained by the UMWA Health and Retirement Funds ("UMWA Funds").  The 1992 Plan determined that Mr. Marcum met the eligibility criteria of the 1992 Plan, as set forth in the plan and Section 9712(b)(2) of the Coal Act, 26 U.S.C. § 9712(b)(2).  As a result of attributing Mr. Marcum and his dependant child as beneficiaries to Valley Services, Valley Services and any "related person" to Valley Services became obligated to pay monthly per-beneficiary premiums to the 1992 Plan pursuant to Sections 9712(d)(1)(B), 9712(d)(3) and 9712(d)(4) of the Coal Act, 26 U.S.C. §§9712(d)(1)(B), 9712(d)(3), and 9712(d)(4).  The total amount of Valley Services' per-beneficiary premium debt through August 15, 2007 is $120,625.16.  Exhibit C, ¶6.

Bibeau Construction was established in or about 1962 and continues to operate today. Exhibit A, ¶7; Exhibit B, D00043-00048.  It is a privately held company owned entirely by Mr. Bibeau.  Exhibit A, ¶8.  In November 1979, he owned 100% of the outstanding corporate stock of Bibeau Construction.  Exhibit A, ¶8 & ¶9; Defendant Bibeau Construction's Response to Plaintiffs' Request for Admissions, attached hereto as Exhibit D, ¶10.  Thus, as discussed below, Valley Services and Bibeau Construction are "related persons" as defined by Section 9701(c)(2)(A)(i) of the Coal Act, 26 U.S.C. §9701(c)(2)(A)(i), because they were members of a controlled group of corporations.

**ARGUMENT**

**A.     Plaintiffs have met the standard for summary judgment.**

Under Federal Rule of Civil Procedure 56(c), summary judgment "shall be rendered forthwith" if the moving party establishes "that there is no genuine issue as to any material fact and that [it] is entitled to judgment as a matter of law." Rule 56(e) of the Federal Rules of Civil Procedure provide that the non-moving party cannot establish a genuine issue of material fact through mere allegations; it must go beyond the pleadings and come forward with specific facts showing that there is a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)(emphasis in original).

Defendant, Bibeau Construction has not raised any valid legal defense to this suit. Further, it has failed to make any factual allegations that might create a genuine controversy with respect to its obligations to pay amounts due under the Coal Act. Thus, Plaintiffs are entitled to summary judgment as a matter of law.

**B.     Valley Services' Liabilities to the 1992 Plan**

Pursuant to Section 9712(d)(3) of the Coal Act, a last signatory operator, who is not a 1988 last signatory operator, shall pay the monthly per-beneficiary premium described in Section 9712(d)(1)(B) for each eligible beneficiary that is attributed to the last signatory operator. 26 U.S.C. §9712(d)(3).  Section 9712(d)(1)(B) requires "the payment of a monthly per beneficiary

6

premium . . . for each eligible beneficiary of such operator who is described in subsection (b)(2) and who is receiving benefits under the 1992 UMWA Benefit Plan." 26 U.S.C. §9712(d)(1)(B).

     Valley Services was signatory to the 1978 NBCWA. Exhibit C, ¶3; Defendant's Response to Plaintiffs' Supplemental Request for Admissions, attached hereto as Exhibit E, ¶1. As such, it is a "signatory operator," as defined by Section 9701(c)(1) of the Coal Act, as a "person which is or was a signatory to a coal wage agreement." 26 U.S.C. §9701(c)(1). The 1992 Plan, pursuant to Section 9712(d)(3) of the Coal Act, attributed two (2) beneficiaries, Mr. Marcum and his dependant child, to Valley Services. 26 U.S.C. §9712(d)(3). Mr. Marcum is an "eligible beneficiary," as that term is defined in Section 9712(b)(2)(A) of the Coal Act, 26 U.S.C. §9712(b)(2)(A): a person who "but for the enactment of this chapter, would be eligible to receive benefits from the 1950 UMWA Benefit Plan or the 1974 Benefit Plan, based upon age and service earned as of February 1, 1993."

     Valley Services was the last signatory employer to employ Mr. Marcum. Mr. Marcum was injured in a mine accident on or about September 25, 1979, while working for Valley Services. He applied for a disability pension from the 1974 Pension Plan on or about July 21, 1994, and was awarded a disability pension with an effective date of September 1, 1988. Mr. Marcum's health coverage from September 1, 1988 to January 31, 1993 was provided by the 1974 Benefit Plan. The 1992 Plan determined, on April 4, 1995, that Mr. Marcum met the eligibility criteria of the 1992 Plan, as set forth in the plan and in Section 9712 (b)(2) of the Coal Act, 26 U.S.C. §9712(b)(2). But for the enactment of the Coal Act, Mr. Marcum would have been receiving health benefits from the 1974 Benefit Plan based on his age and service earned as of February 1, 1993. Therefore, Valley Services is obligated to pay monthly per-beneficiary

7

premiums to the 1992 Plan pursuant to Sections 9712(d)(1)(A) and 9712(d)(3) of the Coal Act, 26 U.S.C. §§9712(d)(1)(B) and 9712(d)(3), respectively.

Delinquent per-beneficiary premiums owed to the 1992 Plan by Valley Services for the period February 15, 1993 through August 15, 2007 totals the principal amount of $120,625.16. Exhibit C, ¶6. As discussed below, Section 9721 of the Coal Act, 26 U.S.C. §9721, provides that the Plaintiffs are also entitled to statutory interest, liquidated damages, costs and reasonable attorney's fees.

**C.** **Defendants are Jointly and Severally Liable for the Per-Beneficiary Premiums of Beneficiaries Assigned to Valley Services**

According to Section 9701(c)(2)(A)(i) of the Coal Act, 26 U.S.C. §9701(c)(2)(A)(i), a person shall be deemed a "related person" to a signatory operator if that person is "a member of the controlled group of corporations (within the meaning of section 52(a) [of the Internal Revenue Code]) which includes such signatory operator." Section 52(a) of the Internal Revenue Code, 26 U.S.C. §52(a) provides that "the term 'controlled group of corporations' has the meaning given to such term by section 1563(a) . . . ." Section 1563(a) defines several types of "controlled group of corporations." 26 U.S.C. §1563(a). Section 1563(a)(2) defines the parameters of a "brother-sister controlled group" as:

> Two or more corporations if 5 or fewer persons who are individuals, estates, or trusts own (within the meaning of subsection (d)(2)) stock possessing:
>
> (A) at least 80 percent of the total combined voting power of all classes of stock entitled to vote or at least 80 percent of the total value of shares of al classes of the stock of each corporation, and
>
> (B) more than 50 percent of the total combined voting power of all classes of stock entitled to vote or more than 50 percent of the total

>value of shares of all classes of stock of each corporation, taking
>into account the stock ownership of each such person only to the
>extent such stock ownership is identical with respect to each such
>corporation.

26 U.S.C. §1563(a)(2).

Contained in Section 1563(d)(2) is the rule for determining stock ownership as applied to a "brother-sister controlled group." The rule states:

>For purposes of determining whether a corporation is a member of
>a brother-sister controlled group of corporations (within the
>meaning of subsection (a)(2)), stock owned by a person who is an
>individual, estate, or trust means ----
>
>(A) stock owned directly by such person, and
>
>(B) stock owned with the application of subsection (e).

Subsection (e) relates to "Constructive ownership." Section 1563(e)(5) states that with respect to a spouse that:

>An individual shall be considered as owning stock in a corporation
>owned, directly or indirectly, by or for his spouse (other than a
>spouse who is legally separated from the individual under a decree
>of divorce whether interlocutory of final, or a decree of separate
>maintenance) . . . .

July 20, 1992, is the date upon which "related persons" are to be determined according to the Section 9701(c)(2)(B) of the Coal Act, 26 U.S.C. 9701(c)(2)(B). If the signatory operator is not in business as of July 20, 1992, "related persons" "shall be determined as of the time immediately before such operator ceased to be in business." Id.

In the instant case, Valley Services ceased to be in business in November 1979. Immediately prior to Valley Services cessation of business, Ms. (Bibeau) Kilbourne owned less than 49% of Valley Services, and Mr. Bibeau owned the remaining portion of the company.

9

Exhibit A, ¶3 and ¶4; Exhibit B, D00089. At that time, Mr. Bibeau and Ms. (Bibeau) Kilbourne were married. Exhibit A, ¶5. Thus, under Section 1563(e)(5) of the Internal Revenue Code, any shares of Valley Services owned by Ms. (Bibeau) Kilbourne shall be considered to be owned by her spouse, Mr. Bibeau. Therefore, Mr. Bibeau owned 100% of Valley Services in November 1979.

Mr. Bibeau admitted that he owned 100% of Bibeau Construction in November 1979. Exhibit A, ¶8 & ¶9; Exhibit D, ¶10. Because Mr. Bibeau owned 100% of both Bibeau Construction and Valley Services at the time immediately prior to Valley Services going out of business in November 1979, Bibeau Construction and Valley Services meet the requirements to be members of a "brother-sister controlled group" under Section 1532(a)(2) and 52(a) of the Internal Revenue Code.

As such, the Defendants are "related persons" as defined by Section 9701(c)(2)(A)(i) of the Coal Act, 26 U.S.C. §9701(c)(2)(A)(i), and are jointly and severally liable pursuant to Section 9712(d)(4), 26 U.S.C. §9712(d)(4), to the 1992 Plan for the monthly per-beneficiary premiums for Mr. Marcum and his dependant child.

**D.** **Plaintiffs' Are Entitled to Per-Beneficiary Premiums, Interest, Liquidated Damages and Reasonable Attorney's Fees and Costs**

Plaintiffs are not only entitled to monthly per-beneficiary premiums, but also to interest, liquidated damages, and reasonable attorney's fees and costs. Section 9721 of the Coal Act, 26 U.S.C. §9721, states that enforcing the obligations that arise under the Coal Act shall be done in the same manner as that required by Section 4301 of ERISA, 29 U.S.C. §1451, as that section pertains to withdrawal liability. Further, failure of an employer to pay withdrawal liability "shall

be treated in the same manner as a delinquent contribution (within the meaning of Section 515 [ERISA][29 U.S.C. §1145])." Section 4301(b) of ERISA, 29 U.S.C. §1451(b).

Section 515 of ERISA, 29 U.S.C. §1145, requires employers who are obligated to make contributions to a multiemployer plan to make such contributions in accordance with the terms of the plan or collectively bargained agreement. Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), delineates what "the court shall award the plan," in actions brought pursuant to Section 515 of ERISA for delinquent contributions owed to the plan. Unpaid contributions, interest on the unpaid contributions, liquidated damages, and reasonable attorney's fees and costs are required to be awarded.

Section 515(g)(2)(E) of ERISA, 29 U.S.C. §1132 (g)(2)(E), states that interest on the unpaid contributions shall be determined by the plan. However, if the plan does not provide an interest rate, the interest rate will be that rate set forth by Section 6621 of the Internal Revenue Code, 26 U.S.C. §6621. In the instant matter, the 1992 Plan does not specify the interest rate to be applied to the unpaid contributions; therefore, the interest rates applied in this matter were obtained from Section 6621 of the Internal Revenue Code.

The Defendants have failed to make contributions to the 1992 Plan. The Plaintiffs are entitled to the delinquent contributions, interest, liquidated damages and reasonable attorney's fees and costs. The Plaintiffs' Director of Finance and General Services has determined that the interest on the delinquent contributions through August 15, 2007 is $47,392.91. Exhibit C, ¶8. The interest rate used to calculate the amount of interest due was that rate prescribed under Section 6621 of the Internal Revenue Code. Exhibit C, ¶8. Plaintiffs are entitled to the interest that has already accrued as well as the interest that continues to accrue on the Defendants' delinquent contributions at the daily rate of $26.44, until the date of judgment. Id.

Additionally, the Plaintiffs are entitled to an award of liquidated damages, as called for in Section 502(g)(2)(C)(ii) of ERISA, 29 U.S.C. §1132(g)(2)(C)(ii). The 1992 Plan's Agreement and Declaration of Trust contains a provision for liquidated damages. A copy of the 1992 Plan's Agreement and Declaration of Trust is attached hereto as Exhibit F. Section 502(g)(C) provides that the Court shall, in addition to awarding interest, award the plan an amount equal to the greater of (i) the interest on the unpaid premiums or (ii) liquidated damaged provided for under the plan in an amount not in excess of 20 percent of the unpaid contributions. 29 U.S.C. §1132(g)(2)(C)(i)-(ii). Article XI(7) of the 1992 Plan's Agreement and Declaration of Trust provides for the assessment of liquidated damages in the amount of twenty percent of the amount owed or the amount of the interest charged, whichever is the greater amount. See Exhibit F. In this case, Plaintiffs are entitled to an award of $47,392.91, which is the amount of the interest charged, as liquidated damages under ERISA section 502(g)(2)(c)(ii), 29 U.S.C. §1132(g)(2)(c)(ii).

Plaintiffs are entitled to a mandatory award of reasonable attorney's fees and costs, per Section 502(g)(2)(D) of ERISA, 29 U.S.C. §1132(g)(2)(D). Through August 15, 2007, Plaintiffs have incurred attorney's fees in the amount of $91.00 and have expended $250.00 in costs. Plaintiffs request that they be granted leave to submit an affidavit, setting forth additional attorney's fees and costs, within thirty (30) days of the Court's disposition of the Plaintiffs' Motion for Summary Judgment.

## CONCLUSION

For the foregoing reasons, Plaintiffs request that this Court enter judgment for per-beneficiary premiums, interest, liquidated damages, attorney's fees and costs in the aggregate amount of $215,751.97, plus interest after August 15, 2007 to the date of judgment at the rate of

$26.44 per day, post-judgment interest, plus additional reasonable attorney's fees and costs; and that the Court issues an order requiring Defendants to pay all future per-beneficiary premiums to the 1992 Plan as they become due.

    Respectfully submitted,

    DAVID W. ALLEN
    General Counsel
    DC Bar #81638


    LARRY D. NEWSOME
    Associate General Counsel
    DC Bar #254763

    */s/ Kathleen B. Burns*
    KATHLEEN B. BURNS
    Senior Associate Counsel
    DC Bar #492460

    UMWA Health and Retirement Funds
    Office of the General Counsel
    2121 K Street, NW
    Washington, DC 20037
    Telephone: (202) 521-2233

    Attorneys for Plaintiffs

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 5, 2007, I served the foregoing Plaintiffs' Motion for Summary Judgment, Plaintiffs' Memorandum of Law in Support thereof, and Plaintiffs' Proposed Order via Federal Express, overnight delivery service to the following individual:

    John R. Woodrum, Esq.
    Ogletree Deakins
    2400 N Street, N.W.
    Fifth Floor
    Washington, DC  20037

*/s/ Kathleen B. Burns*
Kathleen B. Burns
Senior Associate Counsel