# **EXHIBIT A**

**EXHIBIT A**

RECEIVED
APR 16 2007
OFFICE OF THE
GENERAL COUNSEL
PN= 08-258

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL H. HOLLAND. MICHAEL W. BUCKNER. A. FRANK DUNHAM. and ELLIOT A. SEGAL as Trustees of the United Mine Workers of America 1992 Benefit Plan.<br><br>Plaintiffs.<br><br>v.<br><br>VALLEY SERVICES. INC. and BIBEAU CONSTRUCTION COMPANY, INC..<br><br>Defendants. | Civil Action No. 1:06CV00178-RMU |

**DEFENDANT BIBEAU CONSTRUCTION COMPANY, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

Defendant Bibeau Construction Company, Inc., through undersigned counsel and pursuant to Federal Rule of Civil Procedure 33 and Local Civil Rule 26.2(d), provides the following response to Plaintiffs' First Set of Interrogatories served by mail on March 12, 2007.

**I. GENERAL OBJECTION**

Defendant has not completed its factual and legal investigation, discovery or trial preparation. Defendant expressly reserves the right to continue its discovery and investigation for facts, witnesses and supplemental data that may reveal information which, if presently, within its knowledge, would have been included in the following objections and responses. The objections and responses set forth herein do not preclude Defendant from later relying on information discovered pursuant to subsequent investigation or discovery, which, if known at this time, would have been included in these objections and responses.

1

## II. SPECIFIC INTERROGATORIES, RESPONSES/OBJECTIONS

1. Identify each person answering or assisting in the preparation of any of the responses to these interrogatories and/or requests for production of documents.

<u>Response</u>

Oliva L. Bibeau, Chairman, Bibeau Construction Company, Inc., 231 S. Middletown Rd., Nanuet, NY 10954

Morton A. Marks, CPA, 514 Gramatan Ave., Mt. Vernon, NY 10552

W. Gregory Mott, 2400 N St., N.W., Fifth Floor, Washington, D.C. 20037

2. Identify Defendant Valley Services, Inc.'s predecessors and successors and all changes in form or identity of the company that occurred from February 19, 1968 to date, including, without limitation, any reorganization, liquidation, incorporation, merger, consolidation, spin-off, stock sale or any sale or transfer of assets, partnership interest, or proprietorship interest stating,

   (a) the name and address of the organization before the change;
   (b) the name and address of the organization that resulted from the change;
   (c) the date of the change;
   (d) the nature of the change;
   (e) sale or transfer of assets.

<u>Objection and Response</u>

Defendant Bibeau Construction, Inc. objects on the basis that Plaintiffs' interrogatory request is overly broad and unduly burdensome in scope and temporal span, to the extent that it requests a response for a swath of years with no conceivable relevance to Plaintiffs' underlying "related person" claim. Putative defendant Valley Services, Inc. has been defunct for decades, and has not and cannot be served with process in this case.

Notwithstanding these objections, consistent with them and without waiving any of them, Defendant Bibeau Construction Company, Inc. responds as follows drawing on corporate records still retained by the Office of the Secretary of State of Ohio and West Virginia:

Putative defendant Valley Services, Inc. was an Ohio Corporation, Charter No. 310419, incorporated on May 4, 1962 with 250 issued and outstanding shares of authorized stock. It was acquired by and subject to a charter amendment sworn by Ovila L. Bibeau, in his capacity as company president, in Spring Valley, Rockland County, New York on July 24, 1975. Corporate status was subsequently cancelled by the Ohio Department of Taxation on July 30, 1979.

3. Identify all persons (including partnerships, sole proprietorships, corporations, natural persons, etc.) who owned any interest in Defendant Valley Services, Inc. from Febraury 19, 1968 to the present.

   Objection and Response

   Same objection as above. Without waiving such objection, Defendant Bibeau Construction Company, Inc. responds that putative defendant Valley Services, Inc. was owned by Ovila L. Bibeau and Dorothy Kilbourne in the mid-1970s. Records on file with the West Virginia Secretary of State qualifying Valley Services, Inc. to hold property and transact business in West Virginia beginning in 1968 as a foreign corporation identify Dean E. Lovett from Marietta, Ohio as initial incorporator and president.

4. For each person identified in response to the preceding interrogatory, separately describe each person's ownership from February 19, 1968.

   Objection and Response
   Same objection as above. Without waiving such objection, Defendant Bibeau Construction Company, Inc. responds that from the mid-1970s through to dissolution in or around 1979, Dorothy Kilbourne was a 49% or less owner and Ovila L. Bibeau owned the remaining outstanding stock of Valley Services, Inc.

5. Identify the relationship of the aforementioned holder(s) of stock or any manner or indicia of ownership, direct or indirect, written or unmemorialized in Defendant Valley Services, Inc.

   Objection and Response
   Same objection as above. Without waiving such objection, Defendant Bibeau Construction Company, Inc. responds that the named shareholders were husband and wife.

6. Identify all business entities (including corporations, partnerships, sole proprietorships, etc.) in which any of Defendant, Valley Services, Inc.'s shareholders or owners, including his/her spouse and/or minor children, owned an interest of more than (1%) on July 20, 1992.

   Objection and Response
   Same objection as above. Without waiving such objection, Defendant Bibeau Construction Company, Inc. responds that putative defendant Valley Services, Inc. dissolved in or around 1979, and had no owners on July 20, 1992.

7. Identify Defendant Bibeau Construction Company, Inc.'s predecessors and successors and all changes in form or identity of the company that occurred from February 19, 1968 to date, including, without limitation, any reorganization, liquidation, incorporation,

3

merger, consolidation, spin-off, stock sale or any sale or transfer of assets, partnership interest, or proprietorship interest stating,

    (a)    the name and address of the organization before the change;
    (b)    the name and address of the organization that resulted from the change;
    (c)    the date of the change;
    (d)    the nature of the change;
    (e)    sale or transfer of assets.

Objection and Response

Defendant Bibeau Construction Company, Inc. objects on the basis that Plaintiff's interrogatory request is overly broad and unduly burdensome in scope and temporal span and to the extent that it requests a response for a swath of years with no conceivable relevance to Plaintiffs' underlying "related person" claim, or implicates other irrelevant matters or matters subject to the attorney-client privilege. Notwithstanding these objections, consistent with them and without waiving any of them, Defendant Bibeau Construction Company, Inc. responds that Ovila L. Bibeau established Bibeau Construction Company, Inc. in or around 1962 and it never underwent a material corporate reorganization.

8. Identify all persons (including partnerships, sole proprietorships, corporations, natural persons, etc.) who owned any interest in Defendant Bibeau Construction Company, Inc. from August 28, 1967 to the present.

Objection and Response

Same objection as above. Without waiving such objection, Defendant Bibeau Construction Company, Inc. responds that it is and has always been a privately held company 100% owned by Ovila L. Bibeau (except for a short period after 1992 when C. Kim Webster briefly held a minority stake).

9. For each person identified in response to the preceding interrogatory, separately describe each person's ownership from August 28, 1967 to the present.

Objection and Response
Same objection as above. Without waiving such objection, Defendant Bibeau Construction, Company Inc. responds that Ovila L. Bibeau has owned either 100% or 98% of the outstanding corporate stock. For a brief interval in the mid-1990s, Kim Webster, held a 2% stake as part of a bonus plan. Mr. Webster's stake was subsequently bought back by Ovila L. Bibeau.

10. Identify the relationship of the aforementioned holder(s) of stock or any manner or indicia of ownership, direct or indirect, written or unmemorialized in Defendant Bibeau Construction Company, Inc.

Objection and Response
Same objection as above. Without waiving such objection, Defendant Bibeau Construction, Inc. responds that Kim Webster was a key employee; Ovila L. Bibeau is company president/chairman.

11. Identify all business entities (including corporations, partnerships, sole proprietorships, etc.) in which any of Defendant, Bibeau Construction Company, Inc.'s shareholders or owners, including his/her spouse and/or minor children, owned an interest of more than (1%) on July 20, 1992.

    Objection and Response
    Same objection as above. Without waiving such objection, Defendant Bibeau Construction Company, Inc. responds: None.

12. Identify all "related persons" to Defendant Valley Services, Inc. within the meaning of Section 9701(c)(2) of the Coal Act and provide all current and prior business addresses for such "related persons."

    Objection and Response
    Defendant objects on the basis that Interrogatory 12, as propounded, asks for a legal conclusion.

13. Please identify the current business status of Defendant Valley Services, Inc.

    Objection and Response
    See Objection to Interrogatory No. 2 above. Without waiving such objection, Defendant Bibeau Construction Company, Inc. responds that public records retained by the Mine Safety and Health Administration ("MSHA") on its website reflect that putative defendant Valley Services, Inc.'s Wyoming County, West Virginia mining operations (Mine ID: 4604226) were deemed abandoned by MSHA as of "10/3/79" with Defendant Bibeau Construction Company, Inc. being recognized by federal regulators as the "Current Controller."

14. Please identify the current business status of Defendant Bibeau Construction Company, Inc.

    Response
    Chartered New York corporation in good standing with the New York Department of State, Division of Corporations.

15. Please identify the person responsible at any time for the maintenance of the books and records of any of the entities identified in response to the foregoing interrogatories, including the dates during which the identified person kept the books and records and the disposition of any such books and records made by the identified persons.

5

Objection and Response

See Objection to Interrogatory Nos. 2 and 7 above. Without waiving such objection, Defendant Bibeau Construction, Inc. responds:

Bibeau Construction Company, Inc. – Steven R. Meyerson, 231 South Middleton Road
Nanuet, NY 10954  (2002-2007)
Julie Kelly (prior to 2002)

Valley Services, Inc. – Dorothy Kilbourne (1975-1980)

Respectfully submitted,

John R. Woodrum, D.C. Bar No. 933457
W. Gregory Mott, D.C. Bar No. 438200
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
Fifth Floor
2400 N St., N.W.
Washington, D.C. 20037
202-887-0800

*Counsel for Defendant Bibeau Construction Company, Inc.*