# EXHIBIT B

PART 1

RECEIVED
APR 16 2007
OFFICE OF THE
GENERAL COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL H. HOLLAND, MICHAEL W. BUCKNER, A. FRANK DUNHAM, and ELLIOT A. SEGAL as Trustees of the United Mine Workers of America 1992 Benefit Plan, <br><br> Plaintiffs, <br><br> v. <br><br> VALLEY SERVICES, INC. and BIBEAU CONSTRUCTION COMPANY, INC., <br><br> Defendants. | Civil Action No. 1:06CV00178-RMU |

**DEFENDANT BIBEAU CONSTRUCTION COMPANY, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendant Bibeau Construction Company, Inc., through undersigned counsel and pursuant to Federal Rule of Civil Procedure 34 and Local Civil Rule 26.2(d), provides the following response to Plaintiffs' First Request for Production of Documents served by mail on March 12, 2007.

**I. GENERAL OBJECTION**

Defendant has not completed its factual and legal investigation, discovery or trial preparation. Defendant expressly reserves the right to continue its discovery and investigation for facts, witnesses and supplemental data that may reveal information which, if presently within its knowledge, would have been included in the following objections and responses. Accordingly, objections and responses set forth herein represent only information currently known following a reasonable investigation in preparing to respond to Plaintiffs' First Request

1

for Production of Documents within the time and resources available. The objections and responses set forth herein do not preclude Defendant from later relying on information discovered pursuant to subsequent investigation or discovery, which, if known at this time, would have been included in these objections and responses.

Upon information and belief, some information Plaintiff has sought to obtain by serving Plaintiffs' First Request for Production of Documents is and has long been known to Plaintiffs or may be ascertained by them from documents currently in their possession or otherwise available to these Plaintiffs (or their in-house counsel). Defendant thus objects to each and every production request to the extent that Plaintiffs currently know the answer or may ascertain the answer as readily as Defendant from the documents currently in Plaintiffs' possession or otherwise available to them pursuant to the provisions of the Coal Industry Retiree Health Benefit Act of 1992, or otherwise.

These General Objections are incorporated by reference, as if fully stated, in each of Defendant's Specific Objections and Responses that follow.

## II. SPECIFIC OBJECTIONS AND RESPONSES

### Production Request No. 1

The stock certificate register or other documentation evidencing ownership of stock in Defendants Valley Services, Inc. and Bibeau Construction Company, Inc., including copies of any stock certificates.

### Objection and Response to Production Request No. 1

Pursuant to Fed. R. Civ. P. 34(b), and to the extent they are not privileged or otherwise subject to discovery objection(s) asserted by Defendant, records, if any, in Defendant's custody or control that are responsive to the foregoing Production Request will be made available to

Plaintiff for inspection and/or copying in Rockland County, New York, in accordance with any applicable federal or local procedural rules at a mutually agreeable time not later than April 30, 2007. This alternative production method serves to afford Defendant additional time necessary to recover and assemble any responsive documents from storage sites in Nanuet and Mount Vernon, New York. Should Defendant finish its document search prior to that date Defendant may produce such records in Washington, D.C. in advance of that date.

### Production Request No. 2

All minutes from the board of directors or shareholders meetings of Defendants Valley Services, Inc. and Bibeau Construction Company, Inc. for the period of August 28, 1967 to date.

### Objections and Response to Production Request No. 2

Defendant objects to the scope of the foregoing Production Request on the grounds that as presently drafted it is unduly broad, imposes upon Defendant a burden and expense that outweighs any possible benefit. Bibeau Construction Company, Inc. is not currently aware that there is any existing collection of corporate records pertaining to long-defunct Valley Services, Inc. (besides what conceivably may still be retained by various agencies and departments charged with regulating its existence and windup in the 1970s).

As to Bibeau Construction Company, Inc., the only existing and served Defendant, the threshold issue in this case, is whether it shared a requisite high degree of share ownership immediately before putative, unserved defendant Valley Services, Inc. ceased to be "in business." By all present indications Valley Service Inc.'s ceased to be in business not later than 1982, which is more than 25 years *before* Plaintiffs served their discovery requests on May 12, 2007. The websites of the federal Mine Safety and Health Administration ("MSHA"), and the Ohio and West Virginia Secretary of State's Office confirm (i) Valley Services, Inc.'s coal

3

mining operations were deemed abandoned by MSHA in mid-1979; (ii) the Ohio Tax Department notified Valley Services, Inc. of the cancellation of its charter in 1979; and, (iii) Valley Services Inc.'s right to do business in West Virginia was officially terminated in 1982 by judicial decree. Indeed, Plaintiffs purport to have in their possession a "no-longer-in-business" letter from Valley Services, Inc. to the UMWA Funds dated May 20, 1980. *See, e.g.*, Plaintiffs' Request for Admissions, at 2 ("On May 20, 1980, Defendant Valley Services, Inc. advised the Plaintiffs [sic] that Defendant Valley Services, Inc. was no longer in business as of November 9, 1979.").

There is thus no relevant basis for putting Bibeau Construction Company, Inc. to the burden and expense of retrieving corporate records (even assuming responsive originals or copies remain in its custody or control) detailing Bibeau Construction Company, Inc.'s activities for the past 25 years (1982-2007).

Notwithstanding these objections, consistent with them and without waiving any of them, Defendant provides the following response. Pursuant to Fed. R. Civ. P. 34(b), responsive records, if any, that unquestionably fall within the time frame potentially relevant to the Valley Services, Inc. "related person" inquiry (i.e., 1978-1982), will, as noted, be among those made available to Plaintiffs for inspection and/or copying in the manner described in response to Plaintiffs' Production Request No. 2 (assuming copies or originals still exists in Defendant's custody or control). Upon a showing of relevance by Plaintiffs, Defendant is prepared to provide responsive documents, if any exist, for such broader period of time as may be necessary or relevant for resolving the Valley Services, Inc. "related person" issue.

4

### Production Request No. 3

All stock or asset sales agreements or contracts; all stock or asset acquisition agreements or contracts; and all stock or asset transfer agreements or contracts relating or referring to the stock or assets of the Defendants Valley Services, Inc. and Bibeau Construction Company, Inc. for the period August 28, 1967 to date.

### Objections and Response to Production Request No. 3

Defendant hereby asserts the same scope objections and response as set forth above with regard to Plaintiffs' Production Request No. 2.

### Production Request No. 4

All documents that reflect, refer or relate to the identity of shareholders, officers or directors of Defendants Valley Services, Inc. and Bibeau Construction Company, Inc. and / or any of its predecessors on July 20, 1992.

### Objections and Responses to Production Request No. 4

Defendant hereby asserts the same scope objections and response as set forth above with regard to Plaintiffs' Production Request No. 2, subject to the further qualification that Valley Services, Inc. was defunct more than a decade before 1992, and had no shareholders, officers or directors on July 20, 1992.

### Production Request No. 5

All federal, state and local income tax returns, including all schedules and attachments, prepared or filed by or on behalf of Defendants Valley Services, Inc. and Bibeau Construction, Inc. for the years 1967 through 1993. If none exist, so state, and explain why none exit.

### Objections and Response to Production Request No. 5

Defendant hereby asserts the same scope objections and response as set forth above with regard to Plaintiffs' Production Request No. 2, subject to the further qualification that Plaintiffs' request for state and local tax returns is unreasonably cumulative or duplicative.

### Production Request No. 6

All documents that reflect, refer or relate to any transfer of assets, or other payments or distributions, either directly or indirectly to:

(a) any officer, director, or shareholder of Defendants Valley Services, Inc. and Bibeau Construction Company, Inc.

(b) any business entity in which any officer, director or shareholder of Defendants Valley Services, Inc. and Bibeau Construction Company, Inc. has an interest;

(c) any relative (by blood, marriage or adoption) of any officer, director or shareholder of Defendants Valley Services, Inc. and Bibeau Construction Company, Inc.;

(d) any business entity in which any relative (by blood, marriage or adoption) of any officer, director or shareholder of Defendants Valley Services, Inc. and Bibeau Construction Company, Inc.

### Objections and Response to Production Request No. 6

Defendant hereby asserts the same scope objections and response as set forth above with regard to Plaintiffs' Production Request No. 2, subject to the further objection that Plaintiffs' Production Request No. 6 is overly broad and should accordingly be narrowed to require production of information concerning transfers of assets of defunct Valley Services, Inc.

### Production Request No. 7

All correspondence between Defendants Valley Services, Inc. and Bibeau Construction Company, Inc., and the 1992 Benefit Plan referring or relating in any way to the payment of premiums to the 1992 Benefit Plan by Defendants Valley Services, Inc. and Bibeau Construction Company, Inc.

### Objections and Response to Production Request No. 7

Valley Services, Inc. was defunct more than a decade before the 1992 UMWA Benefit Plan was created. As to Bibeau Construction Company, Inc., Defendant hereby asserts the same more convenient source objections as set forth in the General Objections section.

### Production Request No. 8

Any and all documents reflecting the date and state of incorporation of Defendants Valley Services, Inc. and Bibeau Construction Company, Inc., including but not limited to, Articles of Incorporation and all amendments thereto.

### Objections and Response to Production Request No. 8

Pursuant to Fed. R. Civ. P. 34(b), and to the extent they are not privileged or otherwise subject to discovery objection(s) asserted by Defendant, records in Defendant's custody or control that are responsive to the foregoing Production Request will be made available to Plaintiff for inspection and/or copying as noted above.

### Production Request No. 9

Any and all documents reflecting the corporate structure of Defendants Valley Services, Inc. and Bibeau Construction Company, Inc.

### Objections and Response to Production Request No. 9

Defendant hereby asserts the same scope objections and response as set forth above with regard to Plaintiffs' Production Request No. 2.

### Production Request No. 10

Any and all documents concerning mining and /or coal industry joint ventures between Defendants Valley Services, Inc. and Bibeau Construction Company, Inc. and any other person or entity.

### Objections and Response to Production Request No. 10

Defendant hereby asserts the same scope objections and response as set forth above with regard to Plaintiffs' Production Request No. 2. Notwithstanding these objections, consistent with them and without waiving any of them, Defendant Bibeau Construction Company, Inc. responds that it has no responsive records to furnish.

### Production Request No. 11

Any and all documents concerning mining and / or coal industry partnership interests between Defendant Valley Services, Inc. and Bibeau Construction Company, Inc. and any other person or entity.

### Objections and Response to Production Request No. 11

Defendant hereby asserts the same scope objections and response as set forth above with regard to Plaintiffs' Production Request No. 2. Notwithstanding these objections, consistent with them and without waiving any of them, Defendant Bibeau Construction Company, Inc. responds that it has no responsive records to furnish.

### Production Request No. 12

Complete financial and/or audit reports (including all attachments and exhibits) for Defendants Valley Services, Inc. and Bibeau Construction Company, Inc. for the period August 28, 1967 to date.

### Objections and Responses to Production Request No. 12

Defendant hereby asserts the same scope objections and response as set forth above with regard to Plaintiffs' Production Request No. 2.

### Production Request No. 13

All annual reports and all other financial reports, including "10-K" reports and accompanying schedules, filed with the Securities and Exchange Commission since for the period August 28, 1967 to date concerning Defendants Valley Services, Inc. and Bibeau Construction Company, Inc.

### Objections and Response to Production Request No. 13

Defendant hereby asserts the same scope objections and response as set forth above with regard to Plaintiffs' Production Request No. 2. Notwithstanding these objections, consistent with them and without waiving any of them, Defendant Bibeau Construction Company, Inc. responds that it has been privately held since its incorporation and has no responsive records to furnish.

### Production Request No. 14

All documents reflecting Defendants Valley Services, Inc. and Bibeau Construction Company, Inc.'s participation, and termination of such participation, in any multi-employer bargaining association.

### Objections and Responses to Production Request No. 14

Defendant hereby asserts the same scope objections and response as set forth above with regard to Plaintiffs' Production Request No. 2, subject to the further objection that Defendant Bibeau Construction Company, Inc.'s participation in any multi-bargaining association with respect to ongoing commercial construction activities and laborers, operators, and teamsters unions, including Local 60, is wholly irrelevant.

### Production Request No. 15

All documents identified or referred to in, or otherwise related to, or support the responses made to the above interrogatories, including but not limited to all documents relating to the ownership of Defendants Valley Services, Inc. and Bibeau Construction Company, Inc. and each entity identified in the responses to the above interrogatories.

### Objections and Responses to Production Request No. 15

Pursuant to Fed. R. Civ. P. 34(b), and to the extent they are not privileged or otherwise subject to discovery objection(s) asserted by Defendant, records in Defendant's custody or control that are responsive to the foregoing Production Request will be made available to Plaintiff as noted above.

Respectfully submitted,

John R. Woodrum, D.C. Bar No. 933457
W. Gregory Mott, D.C. Bar No. 438200
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
2400 N St., N.W., Fifth Flr.
Washington, D.C. 20037
202-887-0800

*Counsel for Bibeau Construction Company, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MICHAEL H. HOLLAND, MICHAEL W. BUCKNER, A. FRANK DUNHAM, and ELLIOT A. SEGAL as Trustees of the United Mine Workers of America 1992 Benefit Plan,<br><br>Plaintiffs,<br><br>v.<br><br>VALLEY SERVICES, INC. and BIBEAU CONSTRUCTION COMPANY, INC.,<br><br>Defendants. | Civil Action No. 1:06CV00178-RMU |

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of April, 2007, I served a copy of the foregoing Defendant Bibeau Construction Company, Inc.'s Objections and Responses to Plaintiffs' First Request for Production of Documents by hand on the following counsel:

Kathleen B. Burns, Senior Associate Counsel
UMWA Health & Retirement Funds
Office of the General Counsel
2121 K Street, N.W.
Washington, D.C. 20037

_____
W. Gregory Mott

11