IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL H. HOLLAND, et al.,<br><br>    Plaintiffs,<br> v.<br><br>VALLEY SERVICES, INC.<br><br>and<br><br>BIBEAU CONSTRUCTION COMPANY, INC.<br><br>    Defendants. | Civil Action No. 1:06-cv-00178-RMU |

**DECLARATION OF DALE R. STOVER**

I, Dale R. Stover, being duly sworn, declare and state as follows:

  1.  I am an employee of the United Mine Workers of America ("UMWA") 1974 Pension Plan, the UMWA Combined Benefit Fund, the UMWA 1992 Benefit Plan ("1992 Plan"), the UMWA 1993 Benefit Plan and the UMWA Cash Deferred Savings Plan of 1988. These Plans and Trusts are jointly administered and are commonly known as the UMWA Health and Retirement Funds (the "Funds"). I am employed as the Funds' Director of Finance and General Services.

  2.  In discharging my duties as Director of Finance and General Services of the UMWA Health and Retirement Funds, I am responsible for the operation and guidance of the department of Finance and General Services, which includes, among other things, overall supervision of accounting and financial reporting, collection of statutory premiums and contractual contributions, field audit, withdrawal liability and financial analysis for each of the Plans and Trusts. I am also responsible for insuring that the Funds have adequate internal

accounting controls and that the accounting conforms to GAAP, federal regulations and Funds' policies.

3. I have reviewed the 1992 Plan's records, and find that Valley Services, Inc. was signatory to the UMWA National Bituminous Coal Wage Agreement ("NBCWA") of 1978. A copy of the signature page of the 1978 NBCWA is attached hereto as Tab 1.

4. I have reviewed the 1992 Plan's records and find that pursuant to Section 9712(d)(3) of the Coal Industry Retiree Health Benefits Act of 1992 (the "Coal Act"), 26 U.S.C. §9712(d)(3), Valley Services, Inc. was Arthur Marcum, Jr.'s "last signatory operator," as that term is defined in Section 9701(c)(4) of the Coal Act, 26 U.S.C. §9701(c)(4). Valley Services, Inc. was deemed responsible for payment of premiums to the 1992 Plan on behalf of two (2) beneficiaries, Mr. Marcum and his dependant child.

5. I have reviewed the 1992 Plan's records and find that Valley Services, Inc. advised the Funds that it was no longer in business as of November 9, 1979. A copy of a letter from Valley Services, Inc. reflecting this is attached hereto as Tab 2.

6. I have reviewed the 1992 Plan's records and find that neither Valley Services, Inc. nor any other entity submitted monthly per-beneficiary premiums owed by Valley Services, Inc. to the 1992 Plan for the periods February 15, 1993 through August 15, 2007. As a result, Valley Services, Inc. is delinquent in the principal amount of $120,625.16.

7. I have reviewed the 1992 Plan's records and find that Bibeau Construction Company, Inc. was notified of Valley Services, Inc.'s per-beneficiary obligations under the Coal Act on December 6, 2004 and payment was requested for the per beneficiary premiums. A copy of the letter is attached hereto as Tab 3.

8. Interest on these delinquent per-beneficiary premiums has been calculated through August 15, 2007 in the amount of $47,392.91. The interest rate used to calculate the interest was that rate prescribed by Section 6621 of the Internal Revenue Code. Additional monthly per-beneficiary premiums of approximately $1,108.00 accrue each month. Daily interest at the rate of 8% continues to accrue after August 15, 2007 in the amount of $26.44 per diem.

9. Liquidated damages are calculated under Section 502(g)(2)(C) of ERISA, 29 U.S.C. §1132(g)(2)(C) as the greater of 20% of the total principal owed, or an amount equivalent to interest on the principal premiums described above; thus the amount of liquidated damages due is equal to the amount of interest charged, $47,392.91.

10. The following is a summary of the amounts owed by Valley Services, Inc. through August 15, 2007:

*Monthly Per Beneficiary Premiums from 2/15/19 – 8/15/07*

| | |
|---|---|
| Total Principal: | $120,625.15 |
| Total Interest | $ 47,392.91 |
| Total Liquidated Damages | $ 47,392.91 |
| **Grand Total** | **$215,410.97** |

I declare, under penalty of perjury that the foregoing is true and correct this day, September 5th, 2007 at Washington, D.C.

DALE R. STOVER,
Director of Finance and General Services

3

# **EXHIBIT C**

**TAB 1**

IN WITNESS WHEREOF, each of the parties signatory hereto has caused this Agreement to be signed on the date specified herein to become effective.

DISTRICT _29_  
UNITED MINE WORKERS OF AMERICA

DATE _24 April 1978_  
OPERATORS

_Valley Services Inc._  
(Type or Print Name of Company)

_216 Red Schoolhouse Road_  
(Address)

_Spring Valley N.Y. - 10977_  
(City, State, Zip)

_O.L. B_____ Jr._  
(Signature and Title of Signer)

_O.L. Bibeau President_  
(Type or Print Name and Title of Signer)

_Arnold Miller_  
_Dennis Saunders_

_____  
(Signature and Title of Signer)

_____  
(Type or Print Name and Title of Signer)

# **EXHIBIT C**

**TAB 2**

United Mine Workers of America Health and Retirement Funds
2021 K Street, N.W.
Washington, D.C. 20006
202-452-5000

JUN 2 1980

## NO LONGER IN BUSINESS LETTER

1950 & 1974 Pension Trusts
1950 & 1974 Benefit Trusts

Board of Trustees
Julius Mullins, Chairman
Kenneth L. Houck, Trustee
Paul R. Dean, Trustee

As __VICE PRESIDENT__ of the __VALLEY SERVICES, INC.__,
     title                      Company Name

I am authorized to state that the __VALLEY SERVICES, INC.__ is
                                                Company Name

no longer in business. The company has not received any income from the production, sale or transportation of coal or any related activities since __11/9/79__, and the company does not intend
                                date
to resume any of the above activities.

I am aware that the Trustees of the UMWA 1974 Benefit Trust will presently authorize payment of medical and other benefits for eligible former employees of the __VALLEY SERVICES, INC.__
                                               Company Name
and their dependents according to the provisions of the amended 1974 Benefit Plan and Trust. I understand that payment of those benefits will be made in reliance upon this statement that the __VALLEY SERVICES, INC.__ is no longer in business.
        Company Name

_[signature]_
Signature

_[signature]_
Notary Public — ROBERT H. MOLATON
Notary Public, State of New York
Residing in Rockland County
Commission Expires March 30, 1982

5/20/8_
Date Notarized

# **EXHIBIT C**

TAB 3



**UMWA HEALTH AND RETIREMENT FUNDS**

2121 K Street, NW • Suite 350 • Washington, DC 20037 • Telephone: 202.521.2200

Writer's Fax: (202) 521-2247

Certified Mail –
**Return Receipt Requested**

December 06, 2004

Ovila L. Bibeau, Chairman/Chief Executive Officer
**Bibeau Construction Co., Inc.**
386 Rte 302
Pine Bush, NY  12566

Pete Bibeau, President
**Bibeau Construction Co., Inc.**
231 S. Middletown Road
Nanuet, NY  10954

RE:   Valley Services, Inc. – UMWA 1992 Benefit Plan Per Beneficiary Premiums

Dear Messrs. Bibeau:

It has come to our attention that Bibeau Construction Co., Inc. is related to Valley Services, Inc., which has failed to make its monthly per beneficiary premium payments to the UMWA 1992 Benefit Plan.  Under Sections 9701(c)(2) and 9704(a) of the Coal Industry Retiree Health Benefit Act of 1992 ("Coal Act"), such "related persons" share joint and several liability for the yearly per beneficiary premiums.  According to our records, Valley Services, Inc. is delinquent in the principal amount of $86,478.98 (for premiums due from February 15, 1993 through December 15, 2004).

Please send payment of $86,478.98 to the undersigned within twenty (20) days.  If payment is not received, we will have no alternative but to take all legal action necessary and appropriate to protect the interests of the UMWA 1992 Benefit Plan.  Please be advised that as long as these contributions remain unpaid, under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, and the UMWA Pension and Benefit Plans, is subject to interest and liquidated damages on the unpaid premiums.  Interest is currently accruing at 5% and will continue to accrue at that rate unless and until a higher or lower rate is determined by government authorities pursuant to 26 U.S.C. § 6621, or by the Trustees pursuant to their authority under the Plans.  Liquidated damages will also accrue at that rate pursuant to Section 502(g)(2) of ERISA, and Section 9721 of the Coal Industry Retiree Health Benefit Act of 1992.

December 06, 2004
Page: 2

If you should have any questions regarding this matter, please do not hesitate to contact me at (202) 521-2233. If you have documentation or other information that contradicts our assertions, please provide this to me immediately.

Thank you for your prompt attention to this matter.

Very truly yours,

*Kathleen B. Burns*

Kathleen B. Burns
Senior Associate Counsel

cc: Dale Stover, Comptroller

KB/kb
P:\PMWIN\PUBLIC\KBURNS\CORR\94992.doc

