**EXHIBIT 8**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL H. HOLLAND, MICHEAL W. BUCKNER, A. FRANK DUNHAM and ELLIOT A. SEGAL as Trustees of the UNITED MINE WORKERS OF AMERICA 1992 BENEFIT PLAN<br><br>      Plaintiffs,<br> v.<br><br>VALLEY SERVICES, INC.<br><br>and<br><br>BIBEAU CONSTRUCTION COMPANY, INC.<br><br>      Defendants. | Civil Action No. 1:06-cv-00178-RMU |

## **PLAINTIFFS' RESPONSE TO DEFENDANT BIBEAU CONSTRUCTION COMPANY, INC.'S FIRST SET OF INTERROGATORIES**

Plaintiffs, Trustees of the United Mine Workers of America ("UMWA") 1992 Benefit Plan ("1992 Plan" or "Trustees"), by their undersigned counsel, and pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, hereby respond to the first set of interrogatories propounded by defendant, Bibeau Construction Company, Inc.

### **GENERAL OBJECTIONS**

The Trustees object to the interrogatories to the extent that they seek information or documents that are attorney work product or subject to the attorney client privilege. The Trustees further object to the interrogatories to the extent that they seek information that is confidential pursuant to the Health Insurance Portability and Accountability Act. The Trustees

further object to the interrogatories to the extent that they seek information that is more readily obtainable from another source, namely the defendant, its related persons, agents, employees, officers and attorneys.

## SPECIFIC OBJECTIONS AND RESPONSES

Interrogatory No. 1: Describe each action (and approximate date thereof) undertaken by the UMWA 1992 Benefit Plan between November 1993 and November 2004 to notify Valley Services, Inc. of health benefit premium liability arising under the Coal Act, and identify the person who undertook each action.

**Response:**

**Plaintiffs object to this interrogatory on the grounds the information sought is irrelevant and does not appear to be reasonably calculated to lead to the discovery of admissible evidence.**

**Without waiving such objection, plaintiffs state, that as set forth in Defendant Bibeau Construction Company, Inc.'s ("Bibeau Construction") Responses to Plaintiffs' First Set of Interrogatories, Response #2, Valley Services, Inc. ("Valley Services"), was an Ohio corporation whose corporate status was cancelled by the Ohio Department of Taxation on July 30, 1979. Further, Response #4 states that Valley Services dissolved late in 1979 and Response #6 confirms that as of July 20, 1992, Valley Services had no owners. Thus, the 1992 Plan was unable to notify Valley Services, Inc. of its obligations to the 1992 Plan, as Valley Services ceased to exist in November 1979.**

Interrogatory No. 2: Describe each action (and approximate date thereof) undertaken by the UMWA 1992 Benefit Plan between November 1993 and November 2004 to notify Bibeau

2

Construction Company, Inc. of health benefit premium liability arising under the Coal Act, and identify the person who undertook each action.

Response:

**Plaintiffs object to this interrogatory on the grounds the information sought is not relevant to the issue presented in this lawsuit and does not appear to be reasonably calculated to lead to the discovery of admissible evidence.**

**Without waiving such objection, plaintiffs state, the 1992 Plan became aware that Bibeau Construction was a "related person," as defined by the Coal Act, to Valley Services, in December 2004, and through plaintiffs' undersigned counsel, sent a demand letter to Bibeau Construction on December 6, 2004.**

Interrogatory No. 3:   Identify all documents and communications prepared or maintained by the UMWA Funds that discuss or refer to the business status of Valley Services, Inc., including but not limited to those contained in the file referred to as "Valley Services, Inc. OGC Matter No. 98-3522."

Response:

**Plaintiffs object to this interrogatory on the grounds that the information sought does not appear to be reasonably calculated to lead to the discovery of admissible evidence.**

**Plaintiffs further object to this interrogatory on the grounds that the information sought is irrelevant, as Defendant has admitted in its Responses to Plaintiffs' First Set of Interrogatories, Response #2, Valley Services was an Ohio corporation whose corporate status was cancelled by the Ohio Department of Taxation on July 30, 1979. Further,**

3

Response #4 states that Valley Services dissolved late in 1979 and Response #6 confirms that as of July 20, 1992, Valley Services had no owners.

Without waiving said objections, plaintiffs state that the following documents are in its possession relating to the business status:

    1) "No Longer in Business Letter" signed by Dorothy Bibeau, Vice President on May 20, 1980.

    2) 4/30/80 "Out of Business Coal Company Data" form.

    3) 5/9/80 "Out of Business Coal Company Data" form.

    4) 5/9/80 Letter to Valley Services.

    5) 5/19/80 Letter to Valley Services.

    6) Signed return receipt cards for the 5/9/80 and 5/19/80 letters to Valley Services.

    7) Untitled document reflecting Valley Services out of business in November 1979.

    8) Letter from the Funds to potential beneficiary. *[handwritten: no dates]*

    9) Letter from the Funds to potential beneficiary.

    10) Handwritten notes regarding potential beneficiaries.

    11) Typed notes regarding potential beneficiaries.

Interrogatory No. 4:   Identify the documents in the possession, custody or control of the UMWA Funds that record, report, note or reference that Valley Services, Inc. is connected, linked, affiliated or related in any respect to Bibeau Construction Company, Inc., including any UMWA Funds audit records of Valley Services, Inc.

Response:

    1) Records from the New York Secretary of State.

    2) Records from MSHA.

    3) Records from the Ohio Secretary of State.

    4) Records from the West Virginia Secretary of State.

    5) Defendant's Responses to Plaintiffs' First Set of Interrogatories.

    6) Defendant's Responses to Plaintiffs' First Request for Production of Documents.

    7) Defendant's Answers to Plaintiff's Request for Admissions.

    8) Defendant's Answers to Plaintiffs' Supplemental Requests for Admission.

Interrogatory No. 5:   Describe the process or procedure the UMWA 1992 Benefit Plan utilized between 1993 and 2003 to identify Coal Act "related persons" of UMWA signatory companies that were defunct or that otherwise failed to pay premiums to the UMWA 1992 Benefit Plan.

Response:

**Plaintiffs object to this interrogatory on the grounds the information sought does not appear to be reasonably calculated to lead to the discovery of admissible evidence.**

**Plaintiffs further object to this interrogatory as irrelevant to the extent that it seeks information relating to UMWA signatory companies and Coal Act "related persons" that are not a party to this action. The premiums at issue in this case are for beneficiaries enrolled in the 1992 Plan and attributable to Valley Services and any related persons to Valley Services.**

**Plaintiffs further object to this interrogatory on the grounds that it seeks to discover privileged and confidential investigative techniques that are part of the plaintiffs**

5

enforcement strategies in collecting premium delinquencies pursuant to Plaintiffs' responsibilities mandated by the Coal Act.

Interrogatory No. 6:   Identify all guidelines, procedures, and databases developed or relied on by the UMWA 1992 Benefit Plan to locate or identify a Coal Act "related person."

Response:

See response to Interrogatory No. 5.

Interrogatory No. 7:   Detail all investigative steps the UMWA 1992 Benefit Plan undertook between November 1993 and November 2004 to identify a "related" company to Valley Services, Inc. including the specific process and procedures the UMWA 1992 Benefit Plan utilized between November 1993 and November 2004 to identify Bibeau Construction Company, Inc. as a Coal Act "related person."

Response:

See response to Interrogatory No. 5.  Without waiving any claimed privilege, and without revealing any specific investigative technique employed in detail, the following is a general statement of the events that led the 1992 Plan to conclude that Bibeau Construction is a related person to Valley Services, within the meaning of the Coal Act.

The 1992 Plan became aware that Bibeau Construction was a "related person," as defined by the Coal Act, to Valley Services, in December 2004.  Both Valley Services and Bibeau Construction were/are closely held corporations and at all times both corporations were in the sole and exclusive possession of information and documents proving that they were "related persons" as defined by the Coal Act.  Neither corporation provided such

documentation to the 1992 Plan. The 1992 Plan relied on public documents to determine the "related person" status of Bibeau Construction to Valley Services. The "related person" status was confirmed through Bibeau Construction's Responses to Plaintiffs' First Set of Interrogatories, Response #4, which states that for the period of time from the mid-1970s until the corporation was dissolved Dorothy Kilbourne owned 49% or less of Valley Services and that Ovila L. Bibeau owed the remaining outstanding stock. Response #5 goes on to state that at that time, Dorothy Kilbourne and Ovila L. Bibeau were married. Bibeau Construction admitted in response #10 to Plaintiffs' Request for Admissions that Ovila L. Bibeau owned 100% of Bibeau Construction on November 9, 1979. Pursuant to the Coal Act, the stock ownership of a spouse is attributable to the other spouse. Therefore, by operation of law, Ovila L. Bibeau owned 100% of the stock of both Valley Services and Bibeau Construction. As a result of the foregoing, the stock ownership of Valley Services and Bibeau Construction was identical when Valley Services ceased operations and the companies therefore were members of the same controlled group of corporations as of that date and are related persons as set forth in Section 9701(c)(2) of the Coal Act.

Interrogatory No. 8:   Describe how (and the approximate date) that "it came to [the] attention" of the UMWA 1992 Benefit Plan "that Bibeau Construction Co., Inc. is related to Valley Services, Inc." as stated in the UMWA 1992 Benefit Plan's December 6, 2004 premium liability notice.

**Response:**

    See response to Interrogatory No. 7.

Interrogatory No. 9: State whether Arthur Marcum, Jr. was receiving benefits from the UMWA 1974 Benefit Plan on July 20, 1992, and if not why.

**Response:**

**Mr. Marcum was not receiving benefits from the UWMA 1974 Benefit Plan on July 20, 1992, because he had not yet applied for or received pension benefits at that time. Mr. Marcum's application for a health services card was received on or about October 21, 1994. The effective date was September 1, 1988. Mr. Marcum's health coverage from September 1, 1988 to January 31, 1993 was provided by the 1974 Benefit Plan.**

Interrogatory No. 10: State the date Arthur Marcum, Jr. applied for a pension under the UMWA 1974 Pension Plan, the effective date thereof, and identify each document relating to the award of same, including his application.

**Response:**

**Mr. Marcum, a retired miner, worked in classified employment under UMWA contract for Valley Services. He was injured in a mine accident on or about September 25, 1979. He applied for a disability pension from the UMWA 1974 Pension Plan on or about July 21, 1994. Mr. Marcum was awarded a disability pension with an effective date of September 1, 1988.**

    **1) Pension Application.**

    **2) October 17, 1994 letter from the Funds to UMWA-District 29.**

    **3) October 17, 1994 letter from the Funds to Mr. Marcum.**

4) Social Security Administration Notice of Decision and Decision from December 1991. This includes various medical records containing confidential health information.

5) Social Security Administration correspondence with Mr. Marcum during 1992.

6) Letters to Mr. Marcum from the West Virginia Workmen's Compensation Fund for the years 1979, 1980, 1982, 1985, and 1988.

7) The Funds Disability Summary – Initial Review.

8) The Funds Health Benefits, Age and Military Service form.

9) The Funds Sickness and Accident Worksheet.

10) The Funds Pension Amount Calculation.

Interrogatory No. 11: Identify the date Arthur Marcum, Jr. applied for enrollment in the UMWA 1992 Benefit Plan, the effective date of his enrollment, and identify each document establishing or concerning his entitlement to receive benefits from the UMWA 1992 Benefit Plan.

**Response:**

Mr. Marcum's application for a health services card was received on or about October 21, 1994. The effective date was September 1, 1988. Mr. Marcum's health coverage from September 1, 1988 to January 31, 1993 was provided by the 1974 Benefit Plan. The 1992 Plan determined, on April 4, 1995 that Mr. Marcum met the eligibility criteria of the 1992 Plan, as set forth in the plan and in Section 9712(b)(2) of the Coal Act.

1) Health Services Card Application and Maintenance Form.

Interrogatory No. 12: Identify the date the UMWA 1992 Benefit Fund first became aware that Arthur Marcum, Jr. was eligible to receive benefits from the UMWA 1992 Benefit Fund, if that date is different from you response to Interrogatory No. 11, and identify each document referencing the same.

**Response:**

**See response to Interrogatory No. 11.**

Interrogatory No. 13: Identify all audits, completed questionnaires or surveys of Arthur Marcum, Jr.'s annual earnings beginning with the Plan Year in which he first received benefits from the UMWA 1992 Benefit Plan.

**Response:**

**Plaintiffs object to this interrogatory on the grounds the information sought is not relevant to the issue presented in this lawsuit and does not appear to be reasonably calculated to lead to the discovery of admissible evidence.**

**Without waiving such objection, plaintiffs state, Mr. Marcum completed a questionnaire sent to him by the Funds dated December 13, 2004 relating to his work and health benefit status. At this time, the Funds is unable to locate other such completed questionnaires, and reserve the right to supplement this response at such time as other questionnaires are located. Such questionnaires are typically sent to 1992 Plan beneficiaries once every year to three years.**

Interrogatory No. 14: For each Plan year from 1993 through 2006, state the amount the UMWA 1992 Benefit Plan has expended to provide health benefits on behalf of Arthur Marcum, Jr. and his dependant(s).

**Response:**

**Plaintiffs object to this interrogatory on the grounds the information does not appear to be reasonably calculated to lead to the discovery of admissible evidence.**

**Plaintiffs further object to this interrogatory to the extent it seeks information protected from disclosure under the Health Insurance Portability and Accountability Act ("HIPPA").**

**Plaintiffs further object to this interrogatory as irrelevant to the extent that it seeks information relating to medical services actually received. The funding of the 1992 Plan is in the nature of monthly per beneficiary premiums, which are pooled to fund the coverage of all beneficiaries enrolled in the 1992 Plan.**

Without waiving said objections, plaintiffs state as follows, the 1992 Plan estimates that it has spent the following per plan year for medical benefits for Mr. Marcum and his dependant:

| Year | Amount |
|---|---|
| 1995 | $ 1,206.33 |
| 1996 | $ 242.08 |
| 1997 | $ 305.04 |
| 1998 | $ 65.09 |
| 1999 | $ 1,938.38 |
| 2000 | $ 399.35 |
| 2001 | $ 2,763.00 |
| 2002 | $ 2,378.58 |
| 2003 | $ 4,281.63 |
| 2004 | $ 3,206.50 |
| 2005 | $ 8,806.21 |
| 2006 | $10,535.06 |

Interrogatory No. 15: Identify every directive, instruction, formulation, or funding guideline that the UMWA 1992 Benefit Plan has received from Congress or any federal executive branch official (including the Commissioner), agency or department, since November 1993 concerning calculation of the Coal Act per-beneficiary health benefit premium collected by the UMWA 1992 Benefit Plan. If none, so state.

**Response:**

**Plaintiffs object to this interrogatory on the grounds the information sought is irrelevant and does not appear to be reasonably calculated to lead to the discovery of admissible evidence.**

**Without waiving such objection, plaintiffs state that the 1992 Plan monthly per beneficiary premiums are calculated in accordance with the provisions of the Coal Industry Retiree Health Benefit Act of 1992, 26 U.S.C. §9701 *et seq*.**

Interrogatory No. 16: Describe how the UMWA 1992 Benefit Plan determines the annual Coal Act per-beneficiary health benefit premiums collected by the UMWA 1992 Benefit Plan.

**Response:**

**Plaintiffs object to this interrogatory on the grounds the information sought is irrelevant and does not appear to be reasonably calculated to lead to the discovery of admissible evidence.**

**Without waiving such objection, plaintiffs state that the 1992 Plan monthly per beneficiary premiums are calculated in accordance with the provisions of the Coal Industry Retiree Health Benefit Act of 1992, 26 U.S.C. §9701 *et seq*.**

Interrogatory No. 17: Identify all guidelines, policy manuals, or other documents the UMWA 1992 Benefit Plan has utilized since 1993 relating to determining the per-beneficiary health benefit premiums assessed by the UMWA 1992 Benefit Plan.

**Response:**

**Plaintiffs object to this interrogatory on the grounds the information sought is irrelevant and does not appear to be reasonably calculated to lead to the discovery of admissible evidence.**

**Without waiving such objection, plaintiffs state that the 1992 Plan monthly per beneficiary premiums are calculated in accordance with the provisions of the Coal Industry Retiree Health Benefit Act of 1992, 26 U.S.C. §9701 *et seq.***

Interrogatory No. 18: Identify each person providing or assisting in providing responses to these Interrogatories.

**Response:**

    Eileen Tegethoff, Manager, Inquiry and Dispute Resolution
    UMWA Health and Retirement Funds
    2121 K Street, NW
    Washington, DC  20037

    William Chisholm, Director, Operations
    UMWA Health and Retirement Funds
    2121 K Street, NW
    Washington, DC  20037

    Dale Stover, Comptroller
    UMWA Health and Retirement Funds
    2121 K Street, NW
    Washington, DC  20037

Respectfully submitted,


DAVID W. ALLEN
General Counsel
DC Bar #81638


LARRY D. NEWSOME
Associate General Counsel
DC Bar #254763


*/s/ Kathleen B. Burns*
KATHLEEN B. BURNS
Senior Associate Counsel
DC Bar #492460

UMWA HEALTH & RETIREMENT FUNDS
Office of the General Counsel
2121 K Street, N.W.
Washington, D.C. 20037
Telephone: (202) 521-2233

Attorneys for Plaintiffs

14

**CERTIFICATE OF SERVICE**

I hereby certify that on June 27, 2007, I served the foregoing Plaintiffs' Responses to Defendant's First Set of Interrogatories via FedEx, overnight delivery service to the following individual:

> John R. Woodrum, Esq.
> Ogletree Deakins
> 2400 N Street, N.W.
> Fifth Floor
> Washington, DC  20037

*/s/ Kathleen B. Burns*
Kathleen B. Burns
Senior Associate Counsel