IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL H. HOLLAND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> VALLEY SERVICES, INC. <br><br> and <br><br> BIBEAU CONSTRUCTION COMPANY, INC. <br><br> Defendants. | Civil Action No. 1:06-cv-00178-RMU |

**PLAINTIFFS' REPLY TO DEFENDANT, BIBEAU CONSTRUCTION COMPANY, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Plaintiffs, Michael H. Holland, Micheal W. Buckner, A. Frank Dunham, and Elliot A. Segal, as Trustees of the United Mine Workers of America ("UMWA") 1992 Benefit Plan ("1992 Plan") hereby submit the following Reply to Defendant's, Bibeau Construction Company, Inc. ("Defendant" or "Bibeau Construction"), Memorandum of Points and Authorities in Opposition to Plaintiffs' Motion for Summary Judgment.

Defendant, Bibeau Construction admits to being a "related person," as defined by Section 9701(c)(2)(A)(i) of the Coal Industry Retiree Health Benefit Act of 1992 ("Coal Act"), to the out of business signatory coal operator Valley Services, Inc. 26 U.S.C. § 9701(c)(2)(A)(i). See Plaintiffs' Memorandum in Support of Motion for Summary Judgment at 8-10 (hereinafter referred to as R. 8). As such, Bibeau Construction is jointly and severally liable for the monthly per-beneficiary premiums owed to the 1992 Plan by Valley Services. Id. at 10. Bibeau Construction has failed to present any valid defenses to this action. Rather, in its Motion for

Summary Judgment and its Opposition to Plaintiffs' Motion for Summary Judgment, Bibeau Construction attempts to cloud the facts with self-serving "equitable" arguments which have no basis in the law. The defenses of statute of limitations and laches, as explained in Plaintiffs' Opposition to Defendant's Motion for Summary Judgment, are not available to the Defendant in this matter. <u>See generally</u> Plaintiffs' Opposition to Defendant's Motion for Summary Judgment (hereinafter referred to as R. 12).

## <u>ARGUMENT</u>

### I.    **Plaintiffs' Action Is Not Time Barred By The Statute of Limitations**

The Defendant erroneously asserts that the statute of limitations applicable to this matter lapsed on May 15, 2001. Defendant's Opposition to Plaintiffs' Motion for Summary Judgment at 4 (hereinafter referred to as R. 11). The law is clear and well established as to when the statue of limitations begins to run in matters arising out of the Coal Act. Plaintiffs' Opposition to Defendant's Motion for Summary Judgment details how Section 4301(f) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1451(f), permits actions to recover delinquent contributions to be commenced not more than 6 years after the cause of action arose. R.12 at 2-3. The statute in conjunction with the Supreme Court's decision in <u>Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Calif., Inc.</u>, 522 U.S. 192, 194 (1997), defeats the Defendant's statute limitations arguments. R.12 at 3.

Plaintiffs filed this action in a timely manner under Section 4301(f) of ERISA. 29 U.S.C. §1451(f). Pursuant to Section 4301(f)(1) the cause of action would not accrue until the date on which the Plaintiffs calculate the liability to the 1992 Plan, notify the assigned operator of its liability to the UMWA 1992 Benefit Plan and the assigned operator or related person fails to make the payment on the prescribed date. 29 U.S.C. §1451(f)(1). R.12 at 3. It is undisputed that

on December 4, 2004, the Plaintiffs first notified the Defendant of its liability to the 1992 Plan

for monthly per-beneficiary premiums owed pursuant to Section 9712(d) of the Coal Act.  26

U.S.C. § 9712(d). See Defendant's Memorandum of Points and Authorities in Support of Motion

for Summary Judgment at 17 (hereinafter referred to as R. 9).  Thus, in accordance with 29

U.S.C. § 1451(f) and the United States Supreme Court's holding in Bay Area Laundry, the cause

of action arose in this case no sooner than December 4, 2004, the date upon which Plaintiffs

calculated the debt owed and demanded payment. Plaintiffs filed this lawsuit on February 1,

2006, which was well within the six years provided for in Section 4301(f)(1).

### II.    Plaintiffs' Claim Is Not Barred By The Doctrine Of Laches

Defendant's Opposition to Plaintiff's Motion for Summary Judgment again raised the

laches argument that the Supreme Court has completely foreclosed.  As the Plaintiffs noted in

their opposition to Bibeau Construction's Motion for Summary Judgment, the Fourth Circuit,

relying on Supreme Court precedent, has made any attempt to raise a laches defense in this

matter wasted effort.  R.12 at 7-9.  Under this clear precedent, the judicially created doctrine of

laches simply cannot be invoked where Congress has established a statute of limitations

governing a cause of action.  Lyons Partnership, L.P. v. Morris Costumes, Inc., 243 F.3d 789 (4th

Cir. 2001).  The reason for this, as the Supreme Court made clear in Holmberg v. Armbrecht,

327 U.S. 392 (1946), is  that *"[i]f Congress explicitly puts a limit upon the time for enforcing a*

*right which it created, there is an end of the matter.  The Congressional statute of limitation is*

*definitive.*" (emphasis added).  The Fourth Circuit reaffirmed its holding in Lyons Partnership, in

McDaniel v. United States, 40 Fed. Appx. 790, 2002 U.S. App. LEXIS 14028 (4th Cir. 2002),

noting that "[s]eparation of powers concerns prevents a court from applying a judicially-created

doctrine to overrule a congressionally-created time limit."  As a result, the Fourth Circuit in

McDaniel noted, "when Congress enacts a statute of limitations that provides a period within which a litigant may bring a cause of action, the litigant is entitled to rely on that period." Id. See also United States v. Mack, 295 U.S. 480, 489 (1935) (holding that "laches within the term of the statute of limitations is no defense at law."); Thomas v. Freeway Foods, 406 F.Supp.2d 610, 622 (M.D.N.Car. 2005)("Congress specified a statute of limitations for Plaintiff's claims" and because "Plaintiff's complaint was filed within that limitation…their claim is not barred by the doctrine of laches."); Combs v. Western Coal Corporation, 611 F.Supp. 917, 920 (D.D.C. 1985)(holding that because Congress established a six year statute of limitations for withdrawal liability and because the action was filed within that statutory period, "there is an applicable statute of limitations which has not yet expired, so defendant cannot rely on laches as a defense…."(citations omitted). Connors v. Hi-Heat Coal Company, Inc., 772 F.Supp 1 (D.D.C. 1991)(same).

Even if a laches defense were available, Bibeau Construction has failed to demonstrate any prejudice, a necessary element to the defense, as a result of the alleged delay in filing suit.

As noted in the complaint, premiums were assessed against Valley Service, Inc. from February 15, 1993, shortly after the enactment of the Coal Act through the present. Consequently, when Bibeau was uncovered as a likely related person to Valley Services in November 2004, it was billed for the entire period that Valley Services was liable for health benefits. That is the nature of the joint and several liability that the companies share. 26 U.S.C. §9712(d)(4). The reason for this is that although the beneficiaries were not actually enrolled in the 1992 Plan until some years later, their enrollment was retroactive to the time that they became eligible for benefits, i.e. February 1, 1993. The 1992 Plan provided coverage for these beneficiaries going back to 1993, and had the right under the Coal Act to collect premiums for

that period.   To the extent there has been any delay in bringing this action, the only party prejudiced would have been the 1992 Plan.   Bibeau Construction, on the other hand, effectively obtained relief from paying the statutory premiums that it owed until the Plaintiffs filed this suit. In fact, Bibeau Construction benefited from having that money available for its own business enrichment.

Bibeau Construction's actual complaint is that it might be forced to pay statutory premiums – taxes – that it indisputably owes.   While Bibeau Construction's dissatisfaction with this fact is understandable, it does not constitute the showing of prejudice that would be required if a laches defense were available in this action.   See, e.g. Watkins v. Consumers Power Company, 1977 U.S. Dist. LEXIS 17866; 94 L.R.R.M. 2430; 80 Lab. Cas. (CCH) P11,912 (E.D. Mi. 1977)("The only damage alleged by defendant is the possibility it will be forced to pay twice for the same hours of work. This is not prejudice as interpreted by the courts."); R2 Medical Systems v.Katecho, Inc., 931 F.Supp. 1397, 1408 (N.D. Ill. 1996)("In considering economic prejudice, a court should require more than mere monetary loss attributable to a finding of liability" and the defendant "must demonstrate a causal nexus between [the] delay and the defendant's expenditures or investment").

Bibeau Construction's Opposition to Plaintiffs' Motion for Summary Judgment repeats its previous unsupported claim of prejudice, but introduces no actual evidence to support the claim.   The Defendant cannot identify a single business decision that it made "in reliance" on not paying the monthly per-beneficiary premiums to the 1992 Plan.   Moreover, Bibeau Construction  tells this Court nothing about its business decisions and does not provide a single document to support these vague assertions. Therefore, there is no support for a laches defense in this matter even if such a defense were available.

### III.    There Is No Genuine Issue Of Material Fact

Further the Defendant alleges that the Plaintiffs have not delineated any uncontested material facts.  This is simply untrue.  Plaintiffs' Memorandum in Support of Motion for Summary Judgment contains a section entitled "Statement of Facts."  This section contains facts which are uncontested.  Specifically, it refers to the discovery provided by the Bibeau Construction in which it admits to be a "related person" to Valley Services under the Coal Act.  R. 8 at 4-5.  Defendant's suggestion that there are material facts at issue is at odds with its own assertions in its Motion for Summary Judgment that "[t]he material facts of this case are not in dispute."  R.9 at 10.

The only material facts in this matter relate to Bibeau Construction's status as a related person to Valley Services, Inc. and the accumulated premiums for the beneficiaries attributable to Valley Services, Inc.  Bibeau Construction does not contest its liability, let alone identify facts that might establish a proper defense.  Accordingly, summary judgment for the Plaintiffs is appropriate.

### IV.    Plaintiffs Are Entitled To Interest And Liquidated Damages

#### A.    Plaintiffs Have Provided Support For Their Interest Calculations

The Defendant has challenged the Plaintiffs' calculations of the statutory interest due and the liquidated damages.  As detailed in Plaintiffs' Memorandum in Support of Motion for Summary Judgment, Plaintiffs are not only entitled to monthly per-beneficiary premiums, but also to interest, liquidated damages, and reasonable attorney's fees and costs.   R. 8 at 10-12.  The total principal amount of the monthly per-beneficiary premiums due to the 1992 Plan from February 15, 1993 through August 15, 2007 is $120,625.16.  R. 8, Exhibit C, ¶ 6.  The interest on this amount, as calculated by the Funds' Director of Finance and General Services in the

amount of $47,392.91 was for the time period from August 15, 1996 through August 15, 2007. Supplemental Declaration of Dale R. Stover attached hereto as Exhibit A, ¶ 4. The interest rates upon which the amount was calculated were those set by the Internal Revenue Code in Section 6621. Id. at ¶ 4-5. The Schedule of Debt contained in the Supplemental Declaration of Dale R. Stover clearly shows that the interest figure of $47,392.91 does not contain interest amounts for any time periods prior to the enrollment of the beneficiary in the 1992 Plan. Id. Further, the interest rates that were used were those set forth in the Internal Revenue Code Section 6621. A copy of Revenue Ruling 2007-39 is attached hereto as Exhibit B.

**B.      Plaintiffs Are Entitled To Interest Prior To January 2005**

The Defendant argues that the interest and liquidated damages should only be calculated from January 1, 2005 on the delinquent monthly per-beneficiary premiums owed to the 1992 Plan. This is yet another attempt of the Defendant to evade its statutory obligations and ignore its responsibilities. Under 29 USCS § 1132(g), the award of interest on delinquent contributions and liquidated damages is mandatory in any successful action based on unpaid contributions. Connors v. Beth Energy Mines, Inc., 920 F.2d 205, 212 (3rd Cir. 1990). The Court in Beth Energy Mines, held that "the statutory language is clear; the award of damages and interest is mandatory." Id. (citing United Retail and Wholesale Employees Pension Fund v. Yahn and McDonnell, Inc., 787 F.2d 128, 134-135 (3rd Cir. 1986)). Thus, the award of interest and liquidated damages is not discretionary, as the Defendant appears to argue.

The Plaintiffs' first demand letter was sent to the Defendant in December 2004. Upon receipt, and at all times prior to receiving this letter, the Defendant knew that it was a "related person" to Valley Services and shared joint and several liability for Valley Services Coal Act debts. In the face of this, the Defendant made a conscious decision not to pay the delinquent

contributions over the course of the 2005 calendar year and forced the Plaintiffs to file the instant lawsuit in February 2006. As pointed out by the Defendant, liquidated damages are intended "to induce contributors **to promptly pay** promised contributions to the multiemployer plan." (emphasis added). R. 11 at 8. Bibeau Construction deliberately failed to pay its statutorily imposed obligations promptly and now requests the Court to reward its evasive actions by reducing the amount of liquidated damages. Defendant's repeated attempts to circumvent the law are transparent and should be denied.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs request that this Court enter judgment for per-beneficiary premiums, interest, liquidated damages, attorney's fees and costs in the aggregate amount of $215,751.97, plus interest after August 15, 2007 to the date of judgment at the rate of $26.44 per day, post-judgment interest, plus additional reasonable attorney's fees and costs; and that the Court issues an order requiring Defendant to pay all future per-beneficiary premiums to the 1992 Plan as they become due.

Respectfully submitted,

DAVID W. ALLEN
General Counsel
DC Bar #81638

LARRY D. NEWSOME
Associate General Counsel
DC Bar #254763

*/s/ Kathleen B. Burns*
KATHLEEN B. BURNS
Senior Associate Counsel
DC Bar #492460
UMWA HEALTH & RETIREMENT FUNDS

8

Office of the General Counsel
2121 K Street, N.W.
Washington, D.C.  20037
Telephone:  (202) 521-2233
Attorneys for Plaintiffs