IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL H. HOLLAND, et al.,<br><br>Plaintiffs,<br>           v.<br><br>VALLEY SERVICES, INC.<br><br>and<br><br>BIBEAU CONSTRUCTION COMPANY, INC.<br><br>Defendants. | Civil Action No. 1:06-cv-00178-RMU |

**NOTICE OF SUPPLEMENTAL AUTHORITY BY PLAINTIFFS**

Plaintiffs, the Trustees of the United Mine Workers of America ("UMWA") 1992 Benefit Plan ("1992 Plan") hereby submit as supplemental authority with respect to their Motion for Summary Judgment and Opposition to Defendant's Motion for Summary Judgment a new decision from another jurisdiction, <u>Michael H. Holland et al. v. North Star Contractors, Inc.</u>, Civ. No. 2:06-cv-00692 (S.D. WV filed March 4, 2008).  The opinion addresses the applicable statute of limitations and the applicability of the doctrine of laches for actions arising under the Coal Industry Retiree Health Benefit Act of 1992 ("Coal Act"), 26 U.S.C. §§ 9701-9722.

Consistent with the Section 4301 of ERISA, 29 U.S.C. §1451(f), the court in <u>North Star Contractors, Inc.</u> found that the plaintiffs, the UMWA 1992 Plan, "had the later of six years after the cause of action arose, or 3 years after they acquired or should have acquired actual knowledge of the existence of their cause of action, to pursue their claims." <u>North Star Contractors, Inc.</u> at 8.   Further, the court relied on the Supreme Court's holding in <u>Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp.</u>, 522 U.S. 192, 195 (1997),

". . . that "each missed payment creates a separate cause of action with its own six-year limitations period." Plaintiffs in the instant action are not time barred by the statute of limitations as this action was filed on February 1, 2006, which was within limitations period provided for under Section 4301(f) of ERISA, 26 U.S.C. §1451(f). See Plaintiffs' Opposition to Defendant's Motion for Summary Judgment at 2-7 (hereinafter R. 12); Plaintiffs' Reply to Defendant's Opposition to Plaintiffs Motion for Summary Judgment at 2-3 (hereinafter R. 13).

Since Congress enacted a statute of limitations period for cases arising under the Coal Act, the court did not consider whether the doctrine of laches was applicable to North Star Contractors, Inc. Id. at 9. The court relied on the Fourth Circuit's decision in McDaniel v. United States, 40 Fed. Appx. 790, 792 (4th Cir. 2002), which stated that:

> "[W]e have held that 'when considering the timeliness of a cause of action brought pursuant to a statute for which Congress has provided a limitations period, a court should not apply laches to overrule the legislature's judgment as to the appropriate time limit to apply for action brought under the statute." Id. (quoting *Lyons P'ship, L.P. v. Morris Costumes, Inc.,* 243 F3.d 789, 798 (4th Cir.2001)).

North Start Contractors, Inc., at 8-9. Similarly, as the Plaintiffs have asserted, the doctrine of laches is not applicable to the instant matter. See R.12 at 7-9; R. 13 at 3-6. Thus, North Star Contractors, Inc. is applicable to this matter.

    Respectfully submitted,

    DAVID W. ALLEN  
    General Counsel  
    DC Bar #81638

    LARRY D. NEWSOME  
    Associate General Counsel  
    DC Bar #254763

    */s/ Kathleen B. Burns*

        KATHLEEN B. BURNS
        Assistant General Counsel
        DC Bar #492460

        UMWA HEALTH & RETIREMENT FUNDS
        Office of the General Counsel
        2121 K Street, N.W.
        Washington, D.C.  20037
        Telephone:  (202) 521-2233

        Attorneys for Plaintiffs

197027950.doc