IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL H. HOLLAND, MICHAEL W. )
BUCKNER, A. FRANK DUNHAM and )
ELLIOT A. SEGAL, as TRUSTEES OF THE )
UNITED MINE WORKERS OF AMERICA )
1992 BENEFIT PLAN, )
                                                   )
               Plaintiffs, )                     No. 1:06-cv-00178-RMU
                                                   )
v. )
                                                   )
VALLEY SERVICES, INC. )
                                                   )
     and )
                                                   )
BIBEAU CONSTRUCTION CO., INC., )
                                                   )
             Defendants. )

DEFENDANT BIBEAU CONSTRUCTION CO., INC.'S
REPLY TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant Bibeau Construction Co., Inc., submits the following response to Plaintiffs' Notice of Supplemental Authority (Dkt. No. 15), having reviewed the slip opinion in *Holland v. North Star Contractors, Inc.*, No. 2:06-cv-00692 (S.D. W.Va. Mar. 4, 2008) (hereinafter *North Star*) recently filed by Plaintiffs Trustees of the UMWA 1992 Benefit Plan (Dkt. No. 15-1), and Plaintiffs' underlying complaint and summary judgment briefing in *North Star* obtained through PACER.

In *North Star*, the trial court recognizes and adopts Defendant's threshold accrual point. (Dkt. No. 15-1 at 7) ("Unlike the [Multiemployer Pension Plan Amendments Act], accrual of a cause of action under the Coal [Industry Retiree Health Benefits] Act does not require the Trustees [of the UMWA 1992 Benefit Plan] to set an installment schedule and demand payment or for the employer to fail to make payment on that schedule.").

Additionally, in *North Star*, Plaintiffs abandoned any claim to Coal Act premiums that had accrued against related person North Star more than six (6) years before they filed their complaint.[1] In the instant case, Plaintiffs sued in 2006 yet demand Coal Act premiums and 20% liquidated damages back to 1993.

Finally, *North Star* adds nothing to the open and previously-briefed laches issue at bar: *i.e.*, the availability of equitable relief in this Circuit upon a record of substantial and undue prejudice to Defendant's ability to contemporaneously challenge the underlying 1995 disability award that gave rise to all premiums Plaintiffs demand. *North Star* does make clear, however, that Plaintiffs relied on their abandonment of premium liability that accrued more than six (6) years before they brought suit as the basis for the trial court to reject North Star's laches defense for lack of prejudice.[2]

Respectfully submitted,

_____/s/_____
John R. Woodrum
D.C. Bar # 933457
OGLETREE, DEAKINS, NASH, SMOAK,
  & STEWART
2400 N Street, N.W., Fifth Floor
Washington, D.C. 20037
Telephone: (202) 887-0855

---

[1] "As noted in [Plaintiffs'] complaint, premiums were assessed against [defunct signatory employer] Tracy, and therefore against its related person North Star, from February 15, 1993.... The 1992 Plan provided coverage for these beneficiaries going back to 1993, and had the right under the Coal Act to collect premiums for that period. The 1992 Plan seeks only those premiums that accrued within six years of the filing of the complaint, beginning on September 15, 2000." Plaintiffs' Response to Defendant's Motion for Summary Judgment, Dkt. No. 35 filed July 23, 2007 in *North Star* (hereinafter "Pls.' Resp. Def.'s Mot. Summ. J.") at 7.

[2] *See, e.g.*, Pls.' Resp. Def.'s Mot. Summ. J. at 5 n.2 ("[A]dditional premiums for the Tracy beneficiaries accrued prior to September 15, 2000. The Trustees, however, do not seek payment for those premiums, nor do they seek interest or liquidated damages that may have been due based on those premiums.") and 7 ("To the extent there has been any delay in bringing this action, therefore the only party prejudiced would have been the 1992 Plan.).